In the Matter of JULIUS M. GERZOF, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 29, 1984

**APPEARANCES OF COUNSEL**

*Frank A. Finnerty, Jr. (Louis J. Profera* of counsel), for petitioner.

*Ruskin, Schlissel, Moscou & Evans, P. C. (Stephen W. Schlissel* of counsel), for respondent.

**OPINION OF THE COURT**

*Per Curiam.*

Respondent was admitted to the practice of law by this court on May 6, 1936. Following the conclusion of a previous disciplinary proceeding, the respondent was suspended from the practice of law for a period of three years (*Matter of Gerzof,* 45 AD2d 450).

In this proceeding to discipline respondent for professional misconduct, petitioner moves, *inter alia,* to confirm the report of the special referee and the respondent cross-moves, *inter alia,* to confirm in part and disaffirm in part said report.

The special referee sustained the first charge of professional misconduct which alleged that respondent engaged in the practice of law in violation of the rules of this court

and in violation of sections 484 and 486 of the Judiciary Law, to wit, practicing law while under suspension. The special referee made no finding as to a second charge alleging that respondent made false statements to this court's Committee on Character and Fitness regarding his compliance with the rules of this court concerning the conduct of a suspended attorney.

After reviewing all of the evidence, we are in agreement with the special referee's sustaining the first charge of misconduct, and we hereby find respondent guilty of the second charge.

Hearings were held over 19 separate days and the record of those proceedings comprised approximately 3,000 pages. The petitioner presented 8 witnesses and the respondent presented 10 witnesses. In addition, 37 exhibits were received on behalf of the petitioner and 27 exhibits on behalf of the respondent. The record reveals that after the respondent was suspended from the practice of law he continued to practice law through another attorney whom he had hired, that he continued to provide legal services for his former law clients and solicited new clients, and that he received compensation for his legal services. We note that the special referee conducted a fair hearing and prepared a clear and comprehensive report. Respondent is guilty of the misconduct outlined above. Petitioner's motion is granted and respondent's cross motion is denied.

In determining an appropriate measure of discipline, we have taken into consideration the serious nature of this misconduct as well as the fact that respondent was suspended from the practice of law for his previous professional misconduct. Accordingly, the respondent should be, and hereby is, disbarred, and the clerk of this court is directed to strike respondent's name from the roll of attorneys and counselors at law forthwith.

MOLLEN, P. J., TITONE, LAZER, MANGANO and O'CONNOR, JJ., concur.